## SILVERTHORN v. DYER.

EVIDENCE: SUFFICIENCY OF TO SUSTAIN VERDICT.

*Appeal from Union District Court.*

WEDNESDAY, DECEMBER 5.

PRIOR to June 17th, 1875, the plaintiff and defendant were partners in the drug business at Creston. About that day the plaintiff bought the interest of defendant, paying therefor the sum of $1,325, and agreeing to collect the accounts and pay the indebtedness of the firm. The plaintiff claims that the defendant, to induce plaintiff to make the purchase, falsely and fraudulently represented the debts of the firm to be only $1,220, when in fact the indebtedness exceeded that amount in the sum of $1,000. The plaintiff alleges that he could not ascertain the real indebtedness, but that he was compelled to rely upon defendant's statements, which defendant knew to be false. There was a jury trial resulting in a judgment for plaintiff for $395. The defendant appeals.

*Wilson & Ettien* and *Will I. Laughlin*, for appellant.

*McDill & Sullivan*, for appellee.

DAY, CH. J.—Whilst the appellant assigns three errors, they are all resolvable into but one, that the evidence does not support the finding of the jury. The appellee insists that the evidence is not so certified as to warrant us in considering this question. We do not deem it necessary to inquire into the correctness of this position, for, regarding the evidence as all properly before us, we unite in the view that the verdict is not so wanting in support as to justify us in disturbing it. The case presents simply the conflict of evidence which usually exists respecting all controverted questions of fact. From the evidence submitted, the jury may fairly have found that Dyer had the sole active management of the firm's business, made the purchases and sales, and kept the books; that he falsely and fraudulently made representations

which he knew to be untrue as to the amount of indebtedness; that plaintiff relied upon the representations, and was induced thereby to make the purchase; that he had not equal means with defendant for ascertaining the condition of the accounts, and was not negligent in relying upon defendant's statements. No useful purpose would be subserved by a detailed review of the evidence, nor is it our practice to make such review, as our reports would thereby become incumbered with matter possessing no interest beyond the case in hand.

We are well satisfied with the judgment of the court below, and it is

AFFIRMED.